Adam Brezine, California Bar No. 220852
Julien E. Capers, California Bar No. 275733
**BRYAN CAVE LLP**
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 268-2000
Facsimile:   (415) 268-1999
Email:        adam.brezine@bryancave.com

Attorneys for Defendants
CITIMORTGAGE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT F. SAMUEL & PATRICIA A. SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., a New York Corporation DBA Citibank and Citigroup et al.<br><br>Defendants. | CASE NO. 3:12-cv-05871-MEJ<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**<br><br>[Filed concurrently with [Proposed] Order]<br><br>Date:         April 25, 2013<br>Time:         10:00 a.m.<br>Location:    Courtroom B<br><br>Date Action Filed:   November 15, 2012<br>Trial Date:           None Set<br><br>Honorable Maria-Elena James |

HROSAF\83953.2

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE
2  NOTICE that the Motion to Dismiss of defendant CitiMortgage, Inc. ("Citi" or "Defendant"), to
3  the First Amended Complaint filed by plaintiffs Robert F. Samuel and Patricia A. Samuel
4  ("Plaintiffs") will be heard on April 25, 2013, at 10:00 a.m., or as soon thereafter as the matter
5  may be heard in Courtroom B of the United States District Court for the Northern District of
6  California, the Honorable Maria-Elena James presiding.

7  The Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and
8  based on the ground that each of Plaintiffs' claims for relief as against Defendants fails to state a
9  claim upon which relief can be granted.

10  The motion to dismiss will be based on this notice of motion and motion, the following
11  memorandum of points and authorities, the request for judicial notice, the pleadings and other
12  documents filed in this action, and upon such other and further matters as the court deems
13  appropriate.

14  Dated:  February 28, 2013                    **BRYAN CAVE LLP**

16                                               By:   /s/ Adam Brezine
17                                                       Adam Brezine
                                                 Attorneys for Defendant
18                                               CITIMORTGAGE, INC.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL ALLEGATIONS ..................................................................... 1

III. LEGAL STANDARD ...................................................................................................... 2

IV. ARGUMENT ................................................................................................................... 3

    A. Five of Plaintiffs' Six Causes of Action are Preempted by the FCRA ................ 3

    B. Plaintiffs' Cause of Action for Violation of Civil Code § 1785.25 Fails Because There is no Private Right of Action .................................................... 4

    C. Plaintiffs Fail to Plead Facts Sufficient to Allege any Causes of Action ............ 5

        1. Plaintiffs' Cause of Action for Violation of Business and Professions Code § 17200 Fails as a Matter of Law ................................. 5

            a. Plaintiffs Lack Standing to Allege a Cause of Action for California Business and Professions Code § 17200 .......................... 6

            b. Plaintiff has not Alleged the Cause of Action with Reasonable Particularity ................................................................ 7

            c. Plaintiffs Fail to Allege a Predicate Wrong ..................................... 7

        2. Plaintiffs' Second and Fourth Causes of Action for Intentional Misrepresentation and Constructive Fraud Fail as a Matter of Law ............ 8

            a. Plaintiffs Fail to Plead Damages ..................................................... 8

            b. Plaintiffs Fail to Meet the Pleading Requirements of Rule 9(b) ................................................................................................ 9

        3. Plaintiffs' Negligent Misrepresentation Cause of Action Fails Because Citi Owes them No Duty of Care ................................................ 10

        4. Plaintiffs' Cause of Action for Slander of Title Fails Because Plaintiffs Fail to Allege Actual Malice ...................................................... 11

V. CONCLUSION .............................................................................................................. 13

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

HROSAF\83953.2                      i

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)
CASE NO. 3:12-cv-05871-MEJ

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abagninin v. AMVAC Chem. Corp.*,
  545 F.3d 733 (9th Cir. 2008) .................................................................................................. 2

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................................ 2

*Bell Atl. Corp. v. Twombly*,
  127 S. Ct. 1955 (2007) ............................................................................................................ 2

*Brown v. Kelly Broadcasting Co.*,
  48 Cal. 3d 711 (1989) ........................................................................................................... 10

*Buckland v. Threshold Enterprises, Ltd.*,
  155 Cal. App. 4th 798 (2007) ................................................................................................. 5

*Conroy v. Regents of Univ. of California*,
  45 Cal. 4th 1244 (2009) .......................................................................................................... 7

*Dore v. Arnold Worldwide, Inc.*,
  39 Cal. 4th 384 (2006) ............................................................................................................ 7

*Feitelberg v. Credit Suisse First Boston, LLC*,
  134 Cal. App. 4th 997 (2005) ................................................................................................. 5

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................................ 2

*Gil v. Bank of America, N.A.*,
  138 Cal. App. 4th 1371 (2006) ............................................................................................... 7

*Goldrich v. Natural Y Surgical Specialties*,
  25 Cal. App. 4th 772 (1994) ................................................................................................... 7

*Howard v. Blue Ridge Bank*,
  371 F. Supp. 2d 1139 (N.D. Cal. 2005) .................................................................................. 3

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) ................................................................................................ 2

*Khoury v. Maly's of California, Inc.*,
  14 Cal. App. 4th 612 (1993) ................................................................................................... 6

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) ................................................................................................. 6

*Lingad v. Indymac Fed. Bank*,
  682 F. Supp. 2d 1142 (E.D. Cal. 2010) .................................................................................. 9

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) .................................................................................................. 8

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) .................................................................................................. 2

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
  231 Cal. App. 3d 1089 (1991) ............................................................................................ 8, 9

*Pavlovsky v. Board of Trade*,
  171 Cal. App. 2d 110 (1959) ................................................................................................ 10

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

*People v. McKale*,
   25 Cal. 3d 626 (1979) .................................................................................................... 6

*Peterson v. Cellco Partnership*,
   164 Cal. App. 4th 1583 (2008) ..................................................................................... 5

*Philipson & Simon v. Gulsvig*,
   154 Cal. App. 4th 347 (2007) ....................................................................................... 7

*Pulver v. Avco Financial Servs.*,
   182 Cal. App. 3d 622 (1986) ........................................................................................ 4

*R.D. Reeder Lathing Co., Inc., v. Cypress Ins. Co.*,
   3 Cal. App. 3d 995 (1970) ............................................................................................ 7

*Roemer v. Retail Credit Co.*,
   3 Cal. App. 3d 368 (1970) .......................................................................................... 10

*Roybal v. Equifax*,
   405 F. Supp. 2d 1177 (E.D. Cal. 2005) .................................................................... 3, 4

*Sanai v. Saltz*,
   170 Cal. App. 4th 746 (2009) ....................................................................................... 3

*Sipe v. Countrywide Bank*,
   690 F. Supp. 2d 1141 (E.D. Cal. 2010) ....................................................................... 9

*Smith v. Commonwealth Land Title Ins. Co.*,
   177 Cal. App. 3d 625 (1986) ...................................................................................... 10

*Stalberg v. Western Title Ins. Co.*,
   27 Cal. App. 4th 925 (1994) ......................................................................................... 9

*Stationers Corp. v. Dun & Bradstreet, Inc.*,
   62 Cal. 2d 412 (1965) ................................................................................................. 10

*Vasquez v. L.A. Cnty.*,
   487 F.3d 1246 (9th Cir. 2007) ...................................................................................... 2

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ...................................................................................... 8

*Wallis v. Farmers Group, Inc.*,
   220 Cal. App. 3d 718 (1990) ........................................................................................ 7

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ...................................................................................... 7

**Statutes**

15 U.S.C. § 1681t(b)(1)(F) ................................................................................................. 3

Cal. Bus. & Prof. Code § 17200 .................................................................................... 3, 5

Cal. Bus. & Prof. Code § 17204 ....................................................................................... 5

Cal. Civ. Code § 1572(1) ................................................................................................... 7

Cal. Civ. Code § 1785 ........................................................................................................ 4

Cal. Civ. Code § 1785.2 ..................................................................................................... 4

Cal. Civ. Code § 1785.25 ............................................................................................... 1, 4

Cal. Civ. Code § 1785.31 ................................................................................................... 4

Cal. Civ. Code § 47(c) ....................................................................................................... 9

Cal. Civ. Code § 47(c)(1) ................................................................................................................. 9
Cal. Civ. Code 1785.25(a) ............................................................................................................... 4

**Other Authorities**

4 Witkin, Summary 10th Sales, § 303 (2005) ................................................................................ 4

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 2
Fed. R. Civ. P. 9(b) .......................................................................................................................... 8

HROSAF\83953.2                                                  iv
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FAC PURSUANT TO FRCP 12(B)(6)
CASE NO. 3:12-cv-05871-MEJ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their First Amended Complaint ("FAC"), Plaintiffs Robert F. Samuel and Patricia A. Samuel ("Plaintiffs") continue to allege that Defendant CitiMortgage ("Citi") knowingly and maliciously reported inaccurate payment information to four credit bureaus, which has negatively impacted their credit rating and caused them financial harm. From these alleged facts, Plaintiffs seek to plead six causes of action, most of which are for various alleged California statutory violations and common law torts. However, as addressed in Citi's motion to dismiss directed to the original complaint, the first five causes of action are preempted by the Fair Credit Reporting Act ("FCRA") – and Plaintiffs do not and cannot plead anything in the FAC that avoids preemption. With respect to the one additional claim in the FAC (for violation of California's Civil Code § 1785.25), no private right of action exists in these circumstances. Furthermore, even if the state law tort claims were not preempted, Plaintiffs fail to allege sufficient facts to state a claim upon which relief can be granted. Consequently, the FAC fails as a matter of law. This Court should therefore grant Citi's Motion to Dismiss.

## II. RELEVANT FACTUAL ALLEGATIONS

Plaintiffs allege that on August 4, 2011, they sent Citi a mortgage payment in the amount of $2,419.95. (FAC ¶ 4). Plaintiffs further allege that Citi cashed this check on August 9, 2011, and subsequently failed to credit Plaintiffs' account in the amount of the check. (*Id*. at ¶ 5). According to Plaintiffs, Citi then sent a letter on August 19, 2011, informing them that their August, 2011, mortgage payment was delinquent. (*Id*. at ¶ 6). Shortly thereafter, on August 26th, Plaintiffs claim to have informed Citi that their check had been cashed but their account had not been credited. (*Id*. at ¶ 7).

Plaintiffs allege that to remedy the situation, Citi required that they provide a copy of the cancelled check and other supporting documentation. (*Id*. at 8). Then, as Plaintiffs describe it, Citi almost immediately reported the delinquency to four credit agencies and then refused to change the status of the report. (*Id*. at ¶ 9). As a result, Plaintiffs claim their credit rating has decreased by 60 points, which supposedly has impacted their ability to borrow money and to take

1 advantage of Federal mortgage refinance assistance programs and has prohibited increases to their credit card limits. Further, Plaintiffs claim they have spent extensive periods of time and expense contacting Citi to sort out the disagreement. (*Id*. at ¶¶ 10-13).

### III.  LEGAL STANDARD

Motions to dismiss pursuant to Rule 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 127 S. Ct. at 1959 (Mere "labels and conclusions" and/or "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. (Citations omitted)). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1959. To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." *Id*. at 1950.

A court may dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility."). Further, leave to amend may also be denied for reason of undue delay, bad faith, repeated failure to cure deficiencies by earlier amendment, and prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

### IV.  ARGUMENT

#### A.  Five of Plaintiffs' Six Causes of Action are Preempted by the FCRA

The Fair Credit Reporting Act preempts all state law claims arising from the reporting of

HROSAF\83953.2                                       2

credit information to credit reporting agencies:

> On its face, the FCRA precludes all state statutory or common law causes of action that would impose any "requirement or prohibition" on the furnishers of credit information. Because Plaintiffs' State Claims are based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, they are completely preempted.

*Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005) (holding FCRA preempted state law claim for negligence); *see also Sanai v. Saltz*, 170 Cal. App. 4th 746, 773 (2009) (FCRA "totally preempts all state common law tort claims against furnishers of credit information arising from" credit reporting activities). It is readily apparent from the face of the FAC that all of Plaintiffs' claims stem from Citi's alleged "credit reporting activities" – furnishing information to credit agencies – and all but one are therefore preempted.

In their first cause of action for violation of Business and Professions Code § 17200, *et seq.*, Plaintiffs claim that Citi "falsely and maliciously ignored Plaintiffs [sic] request to straighten out their account and then reported the alleged delinquency to four (4) credit agencies." (FAC ¶ 16; *see also id*. at ¶ 19). Plaintiff cannot invoke Section 17200 to evade FCRA preemption. *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143-44 (N.D. Cal. 2005). Congress intended to preempt any state law claim "relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F); *see also Howard,* 371 F. Supp. 2d. at 1144 (holding "Congress intended the FCRA to preempt state laws regarding the duties of furnishers and the remedies available against them, rather than allowing different liabilities for furnishers depending on the state of suit").

Plaintiffs also rely on the alleged false reports to the credit agencies for their second, fourth, and fifth causes of action for intentional misrepresentation, constructive fraud, and slander of title, respectively. There, Plaintiffs allege Citi "continued to and continues to misrepresent the true facts to the four (4) reporting agencies," that Citi is "concealing true facts" from the credit agencies, and that Citi "informed 4 reporting agencies that the Plaintiffs failed to pay their mortgage payment for August 2011." (FAC ¶¶ 25, 34, & 38). However, as already discussed, such state tort law claims are preempted. 15 U.S.C. § 1681t(b)(1)(F).

Finally, Plaintiffs' third cause of action for negligent misrepresentation relies on the allegation that Citi "misrepresented to the four (4) credit agencies Plaintiffs' alleged delinquency." (FAC ¶ 29). Such alleged action is also within the ambit of the FCRA. *Roybal*, 405 F. Supp. 2d at 1181 (holding FCRA preempted state claim for negligence).

Accordingly, Plaintiffs' first through fifth causes of actions are preempted by federal law. The Court should therefore dismiss Plaintiffs' Complaint without leave to amend. Plaintiffs are limited to the remedies provided in the FCRA.

### B. Plaintiffs' Cause of Action for Violation of Civil Code § 1785.25 Fails Because There is no Private Right of Action

In an apparent effort to avoid the near-complete preemption afforded by the FCRA, Plaintiffs now allege that Citi violated the Consumer Credit Reporting Agencies Act, California Civil Code section 1785, *et seq.* (*See* FAC ¶¶ 44-47).

However, no private right of action exists under this section against furnishers of credit information like Citi. California Civil Code section 1785.31 creates the private right of action for violation of Section 1785.25. Section 1785.31 "does not extend liability to one who furnished information to a credit reporting agency." *Pulver v. Avco Financial Servs.*, 182 Cal. App. 3d 622, 633 (1986), *see also* 4 Witkin, Summary 10th (2005) Sales, § 303 ("The Act gives the consumer an action for damages against a reporting agency or a user of information for the negligent or willful violation of its provisions," but not against a furnisher of information).

Here, Plaintiff expressly admits Citi is a furnisher of information, and not a reporting agency itself. (FAC ¶¶ 9, 16, 19, 25, 29, 38, 45-46). There is no private right of action against furnishers of information under section 1785.25(a). Plaintiffs' claim fails as a matter of law.

### C. Plaintiffs Fail to Plead Facts Sufficient to Allege any Causes of Action

Even if the Court finds that Plaintiffs' causes of action are somehow not preempted by the FCRA and that there is a private right of action under Civil Code § 1785.2, Plaintiffs have not alleged sufficient facts to support any of their causes of action.

1. **Plaintiffs' Cause of Action for Violation of Business and Professions Code § 17200 Fails as a Matter of Law**

Plaintiffs' attempt to plead a cause of action for violation of Business and Professions Code § 17200 (the "UCL") is insufficient. Plaintiffs have not alleged facts establishing that they have standing to make such a claim, nor have they alleged facts with the requisite particularity.

a. **Plaintiffs Lack Standing to Allege a Cause of Action for California Business and Professions Code § 17200**

The UCL prohibits unlawful, unfair, and fraudulent business practices. "[O]nly plaintiffs who have suffered actual damage may pursue a private UCL action. A private plaintiff must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1590 (2008); s*ee also* Cal. Bus. & Prof. Code § 17204. A plaintiff must show a "distinct and palpable injury," one that is "concrete and particularized" and "not conjectural or hypothetical." *Peterson v. Cellco Partnership*, 164 Cal. App. 4th at 1590. The loss of money or property must also be of a type that would allow for restitution. *Buckland v. Threshold Enterprises, Ltd*., 155 Cal. App. 4th 798, 817 (2007). Restitution, in turn, is available only where "a defendant has wrongfully acquired funds or property in which a plaintiff has an ownership or vested interest." *Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal. App. 4th 997, 1012 (2005).

Here, as in the original Complaint, Plaintiffs lack standing because they do not and cannot clearly allege any actual loss of property or money. Instead, Plaintiffs allege only that their credit score has decreased 60 points, they subsequently have not been able to borrow money, and their ability to participate in the Federal HARP program has been impacted. (FAC ¶¶ 11-13). For instance, Plaintiffs also allege that they "have spent numerous hours of time and expense with Citi's research bureau." (*Id*. at 13).

Plaintiffs added new allegations to the FAC in an attempt to overcome the Complaint's shortcomings, but still fail to allege facts that establish standing for this cause of action. Plaintiffs allege that they have "invaded their retirement accounts" to the sum $58,000.00 to "pay creditors and buttress their credit score." (FAC ¶ 21). They go on to allege that they "lost the HARP

program refinancing, which would have saved Plaintiffs $700.00 per month in mortgage payments." (*Id.*) Neither of these allegations is sufficient to establish standing. First, they state only that they paid $58,000 to creditors, but they do not allege – likely because they cannot– that the money they owed was caused by Citi's alleged conduct. Ostensibly, their only claim for "loss of money" caused by Citi's alleged unfair acts is the $58,000 they already owed to independent creditors. Then, Plaintiffs assume that they would have received the HARP refinancing but for their credit score, and that it would have saved them $700.00 per month. (*See Id.*) However, without any factual allegations to support these claims, the allegation is both conclusory and speculative. Just as before, none of the FAC's allegations amount to a concrete and particularized injury such that restitution is possible or appropriate. Accordingly, Plaintiffs fail to allege any injury in fact and thus lack standing to maintain a UCL cause of action.

### b. **Plaintiff has not Alleged the Cause of Action with Reasonable Particularity**

"A plaintiff alleging unfair business practices. . . must allege with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993); *People v. McKale*, 25 Cal. 3d 626, 635 (1979) (holding that "purely conclusory" allegations of UCL violations are "insufficient to withstand demurrer").

Plaintiffs do not allege facts with the requisite particularity. Plaintiffs only make conclusory allegations that "despite Citi's knowledge of true facts, Citi intentionally and maliciously reported that Plaintiffs were delinquent on their loan." (FAC ¶ 19). Without additional substantive allegations, the UCL claim must fail as a matter of law.

### c. **Plaintiffs Fail to Allege a Predicate Wrong**

Plaintiffs also fail to establish a predicate wrong, *i.e.*, a fraudulent, unlawful, or unfair business practice. "In effect, the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999). Since Plaintiffs' other causes of action fail because they are preempted by the FCRA and for the reasons discussed below, Plaintiffs cannot establish the violation of any other law. For the reasons explained, this cause of action should be dismissed without leave to amend.

2. **Plaintiffs' Second and Fourth Causes of Action for Intentional Misrepresentation and Constructive Fraud Fail as a Matter of Law**

The second and fourth causes of action essentially amount to allegations of Citi's fraudulent acts. Fraud is "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true." Cal. Civ. Code § 1572(1). The elements of causes of action for fraud are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of California*, 45 Cal. 4th 1244, 1255 (2009); *Gil v. Bank of America, N.A.*, 138 Cal. App. 4th 1371, 1381 (2006) (same). Notably, "the allegations in a fraud action need not be liberally construed." *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986). Plaintiffs must therefore plead every element of the cause of action with specificity. *Goldrich v. Natural Y Surgical Specialties*, 25 Cal. App. 4th 772 (1994).

a. **Plaintiffs Fail to Plead Damages**

To plead fraud, plaintiffs must adequately allege damages. *Wallis v. Farmers Group, Inc.*, 220 Cal. App. 3d 718, 734 (1990) (disapproved on another ground in *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 389 (2006).) Plaintiffs must show they suffered some monetary loss as a result of the claimed misrepresentation. *See R.D. Reeder Lathing Co., Inc., v. Cypress Ins. Co.*, 3 Cal. App. 3d 995, 999 (1970). "Generally speaking, to be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm—not yet realized. . ." *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 364 (2007) (internal citation and quotation omitted).

Plaintiffs claim their credit rating has been decreased by 60 points, which has impacted their ability to borrow money, take advantage of Federal mortgage refinance assistance programs, and blocked increases to their credit card limits. (FAC ¶¶ 10-12). Further, to the extent Plaintiffs wish to rely on their additional allegations about the degree to which they have been harmed, they fail to allege facts that explain how the alleged misrepresentation specifically caused any harm. (*See* FAC ¶ 21). As pleaded, the FAC's allegations fail to allege anything other than speculative harm. The cause of action fails as a matter of law, and the Court should grant Defendant's Motion

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

to Dismiss this cause of action.

### b. Plaintiffs Fail to Meet the Pleading Requirements of Rule 9(b)

Furthermore, the requirement for specificity in pleading fraud causes of action is heightened by the Federal Rules of Civil Procedure. Under Rule 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct. . . so that they can defend against the charge . . .' Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). This "particularity" requirement means that a plaintiff must specifically plead (1) the contents of the misrepresentation, (2) the identity of the speaker and his or her authority to speak, (3) when and where the statements were made, (4) whether the statements were oral or written and, in the latter instance, the specific documents containing the representations, and (5) the manner in which the representations are allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

Plaintiffs' Complaint fails to meet this heightened pleading standard. Plaintiffs only make conclusory allegations that "Citi continued to and continues to misrepresent the true facts" and that Citi allegedly concealed "the true facts, not only from the credit agencies, but financial institutions Plaintiff [sic] relied upon. . ." (FAC ¶¶ 25, 34). Although Plaintiffs also incorporate their earlier factual allegations into the causes of action, they still fail to allege the identity of the speaker and his or her authority to speak, when and where the statements were made, whether the statements were oral or written, and identify any specific documents, if relevant.

### 3. Plaintiffs' Negligent Misrepresentation Cause of Action Fails Because Citi Owes them No Duty of Care

Plaintiffs cannot state a claim for negligent misrepresentation because a lender owes no duty of care to its borrower. "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). "However, as a general rule, a financial institution owes no duty

of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id*. at 1093 n.1, 1096 ("A commercial lender is entitled to pursue its own economic interests in a loan transaction. . . [a] right [that] is inconsistent with the obligations of a fiduciary" which might otherwise imply a duty of care.). "This rule also applies to loan servicers." *Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010).

Thus, a servicer owes no duty of care to the borrower unless it has "participated in the financed enterprise beyond the usual practices associated with the lending business." *Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1153 (E.D. Cal. 2010) (internal quotations omitted); *Lingad*, 682 F. Supp. 2d at 1150 ("[Borrower's] negligence claim against [the servicer] fails because he has not alleged any conduct by [the servicer] that was outside the scope of its conventional role as a loan servicer. [Borrower], therefore, has not pled facts demonstrating that [the servicer] owed him a duty of care.").

Here, Plaintiffs' allegations supporting this cause of action all relate to Citi's processing of loan payments and its alleged false reports to the credit bureaus. (FAC ¶¶ 4-13, 29). Since this relates to Citi's traditional roles as a lender of money and servicer of the loan, Plaintiffs have not alleged that Defendant acted beyond the usual practices associated with the lending business. Plaintiffs therefore fail to establish that the bank owed them a duty of care.

### 4. **Plaintiffs' Cause of Action for Slander of Title Fails Because Plaintiffs Fail to Allege Actual Malice**

"Slander of title occurs when there is an unprivileged publication of a false statement which disparages title to property and causes pecuniary loss." *Stalberg v. Western Title Ins. Co.*, 27 Cal. App. 4th 925, 929 (1994). This cause of action fails because the purported communications to the reporting agencies, even if false, are privileged under California law. *See* Cal. Civ. Code § 47(c); *Stalberg*, 27 Cal. App. 4th at 929. The qualified common interest privilege applies to "a communication, without malice, to a person interested therein. . . by one who is also interested[.]" Cal. Civ. Code § 47(c)(1). The Courts have ruled that such a privilege extends to mercantile agencies, such as credit reporting agencies that collect and distribute credit

1 information for profit. *See Roemer v. Retail Credit Co.*, 3 Cal. App. 3d 368, 370 (1970); *Stationers Corp. v. Dun & Bradstreet, Inc.*, 62 Cal. 2d 412, 418 (1965); *Pavlovsky v. Board of Trade*, 171 Cal. App. 2d 110, 113-114 (1959). Therefore, by the same logic, the privilege also extends to lenders providing information to the credit agencies because Citi held an interest in Plaintiffs' credit status.

"Normally, privilege is an affirmative defense which must be pleaded in the answer. However, if the complaint discloses the existence of a qualified privilege, it must allege malice to state a cause of action." *Smith v. Commonwealth Land Title Ins. Co.*, 177 Cal. App. 3d 625, 630 (1986). In other words, "where the complaint shows that the communication or publication is one within the classes qualifiedly privileged, it is necessary for the plaintiff to go further and plead and prove that the privilege is not available as a defense in the particular case, e.g., because of malice." *Id.* at 630-631. "For purposes of [*Civil Code*] section [47, subdivision (c)], malice has been defined as 'a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person.' If [*Civil Code*] section [47, subdivision (c)] applies to the occasion on which a communication is made and if it was made without malice. . . " and is privileged. *Brown v. Kelly Broadcasting Co.*, 48 Cal. 3d 711, 723 (1989).

Here, Plaintiffs fail to allege facts demonstrating that Citi possessed the malice required to overcome the presumed privilege and state a cause of action. Plaintiffs only make the conclusory allegations that the statements were "not privileged and without justification" and "made with malice and knowingly made even though the statement was false." (FAC ¶¶ 40-41). This is insufficient to overcome the presumption and ultimately fails to state a claim. Accordingly, Citi's Motion to Dismiss this cause of action should be granted.

///
///
///
///
///
///

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

## V. CONCLUSION

For the reasons stated above, the entirety of Plaintiffs' First Amended Complaint fails as a matter of law. Citi respectfully requests that the Court grant the Motion to Dismiss Plaintiffs' FAC without leave to amend.

Dated: February 28, 2013          **BRYAN CAVE LLP**

By: /s/ Adam Brezine
Adam Brezine
Attorneys for Defendant
CITIMORTGAGE, INC.