**ROBERT F. SAMUEL, ESQ BAR NO. 126928**
8652 Timber Court
Orangevale, CA 95662
(916) 817-1654
Robert@samuellaw.com


Attorney for Plaintiffs
Robert F. Samuel and Patricia A. Samuel


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT F. SAMUEL & PATRICIA A. SAMUEL<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, Inc. a New York Corporation DBA Citibank and Citigroup et al.<br><br>Defendants. | **Case No**. 3:12C-05871-MEJ<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS (F.R.C.P. 12(B)(6)) |

## I. INTRODUCTION

The facts in this case are simple.  Defendants knowingly, willfully and maliciously failed to credit Plaintiffs' mortgage payment, made on August 4, 2011 and negotiated by Defendants on August 9, 2011, against Plaintiff' bank account.

Resulting from this failure, a breach of their contractual duties, Defendants, with the same knowing, willful and malicious intent, published the erroneous information of Plaintiffs alleged "failure to pay" their mortgage payment by reporting to four (4) credit reporting agencies that Plaintiffs had failed to timely pay their mortgage payment.

---
Samuel, et al. v. Citi Mortgage                                                                                                        ORDER

After more than during which time Plaintiffs repeatedly requesting Defendants to correct the reporting error which negatively impacted their credit score, Plaintiffs brought this suit as all reasonable efforts to have the Defendants rectify their wrong have failed.

## II.  LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 109 F.3d 1475, 1480 (9th Cir.1997)(quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d1437, 1545 (9th Cir.1996)).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The Court should "free give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, …undue prejudice to the opposing party by virtue of … the amendment, [or] futility of the amendment…" Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.227, 9 L.Ed.2d. 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F2d.655, 658 (9th Cir. 1992).

## III.  PLAINTIFFS HAVE STANDING UNDER BUSINESS AND PROFESSIONAL CODE SEC. 17200

As Defendants have aptly pointed out, Plaintiffs must make a two-fold showing to have a private cause of action under this section:

(a)   Plaintiffs must demonstrate injury in fact and;

(b)   a loss of money or property. (Peterson v. Cellco Partnership, 164 CA 4th 1583.

In the instant matter, Plaintiffs have alleged that Defendants have in fact injured Plaintiffs because Defendants caused Plaintiffs have to expend considerable amounts of money (about $90,000.00) to restore their credit worthiness, have expended hundreds of hours of time

advising Defendants of their errors and mistakes regarding the mortgage payments of Plaintiffs' and the manner by which to correct such errors and mistakes by which Defendants have slandered Plaintiffs' title to their home, causing Plaintiffs' further expense and interference of their property rights.

Business And Professions Code Section 17200 states:

> "As used in this chapter, <u>unfair competition</u> shall mean and include any <u>unlawful, unfair or fraudulent business act or practice unlawful, unfair or fraudulent business act or practice</u> and <u>unfair, deceptive, untrue or misleading advertising</u> and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." (Emphasis Ours)

Defendants clearly engaged in "unfair competition" by fraudulently and intentionally publishing the untrue statement of Plaintiffs' delinquencies in their mortgage payment. Business and Professional Code Sec. 17500 in pertinent part states:

> "It is unlawful for any person, firm, corporation to make or disseminate or cause to be made or disseminated before the public in this state in any manner or means whatever, including over the Internet, any statement, concerning real or personal property…that are untrue or misleading."

For the above stated reasons, Plaintiffs first Cause of Action is properly pled to overcome this motion.

### IV.     FCRP EXEMPTION

Defendants misperceive the intent and rationale of the cases they have cited to this Court alleging that the Fair Credit Reporting Act exempts all State causes of action. The FCRA is replete with exceptions to imposing civil liability, the FCRP states:

> "Although violations of section 623(a) of the FCRA may not be privately enforced, <u>a private cause of action for consumers</u> is generally recognized under section 623(b) of the FCRA (15 U.S.C Sec. 1681s-2(b)) against furnishers of credit information who fail to comply with the requirements of that provision. (See, e.g., *Nelson v. Chase Manhattan Mortgage Corp.*, *supra*, 282 F.3d at pp. 1059-1060; *Nelson v. Equifax Information Services, LLC* (C.D.Cal. 2007) <u>522 F.Supp.2d 1222</u>, 1229-1230; *Pirouzian v. SLM Corp.* (S.D.Cal. 2005) <u>396 F.Supp.2d 1124</u>, 1127; *Gordon v. Greenpoint Credit* (S.D.Iowa 2003) <u>266 F.Supp.2d 1007</u>, 1011-1012" (Emphasis ours)

Further, as provided in the FCRA:

> "Except as provided in sections 616 and 617 [Sec. 1681(n) and 1681(o)] of this title, no consumer may bring any action or proceeding in the nature of <u>defamation, invasion of privacy, or negligence</u> with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [Sec. 1681g , 1681h, or 1681m] of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report, <u>except as to false information furnished with malice or willful intent to injure such consumer.</u>" (Emphasis ours).

In the instant case, Plaintiffs need not, at this stage, provide all the proof that support their allegations. As earlier stated, <u>all</u> the allegations in the FAC are taken as true and therefore,

---

4

Samuel, et al. v. Citi Mortgage      ORDER

Plaintiffs contend the FCRA does <u>not</u> exempt Plaintiffs' causes of action but instead support their claims against Defendants and each of them.

### V. CIVIL CODE SEC. 1785.25 ET SEQ.

Again, Defendants failed to disclose to this Court that the Court in *Sanai v. Saltz* 120 Cal.App 4th 746 (2009) stated the following:

"As discussed, 15 U.S.C. Sec. 1681t(b)(F)(ii) expressly excepts section 1785.25, subdivision (a), from <u>preemption</u>. Indeed, as the district court recognized in *Lin, supra*, 238 F.Supp.2d at page 1151, "[r]etaining section 1758.25(a) is consistent with Congress' stated intention in section 1681t(a)" because both provisions prohibit knowingly providing false or inaccurate information to a consumer credit reporting agency.

To be sure, as the trial court observed, 15 U.S.C. Sec 1681t)(a) preempts not only state law "requirements and prohibitions," but also "laws [that] are inconsistent with any provision of this subchapter." (See also *Liceaga v. Debt Recovery Solutions, LLC, supra,* 169 Cal.App.4th at p.909 ["Subdivision (a) of section 1681t of the Reform Act unequivocally provides that any state law that is not consistent with the FCRA is preempted. Since the FCRA has certain preconditions to proceeding with an action against a furnisher of credit information, and the California statue does not, a clear inconsistency would exist."].) But the trial court failed to complete the quotation from 15 U.S.C Sec 1681t(a), which continues, "and then only to the extent of the inconsistency." This express statutory command to limit the scope of preemption, combined with the general presumption against preemption repeatedly articulated by the United States Supreme Court, particularly "where federal law is said to bar state action in fields of traditional state regulation" (*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.* (1995) <u>514 U.S. 645,</u> 655 [131 L.Ed.2d 695, <u>115 S.Ct. 1671</u>]), belies the trial court's conclusion recognizing a private cause of action under section 1785.25 would be

inconsistent with the FCRA's purported prohibition of a private right of action. Indeed, *Medtronic, supra,* 552 U.S. [128 S.Ct. at p. 1011] the Supreme Court recognized that federal law preempting state statutory or common law requirements different from, or in addition to, the requirements imposed by federal law "does not prevent a State from providing a damages remedy for claims premised on a violation of [federal] regulations; the state duties in such a case 'parallel,' rather than add to, deferral requirements." Similarly, because Congress itself has recognized that the requirements of section 1785.25, subdivision (a), are fully consistent with the obligations imposed by federal law, nothing in the FCRA prevents California from providing a damages remedy for Mr. Snai's claims based on a violation of that statue. (See *Gorman v. Wolpoff & Abramson LLP, supra,* F.3d [2009 U.S. App. Lexis 585] ["[E]xempting specific state statues from preemption is very unusual in federal statutes. To suppose Congress would do so for little or no purpose—as would be the case if the private cause of action under California law were preempted—is simply not plausible."].)

In the instant matter, Plaintiffs have a violation of Civil Code Section 1785.25, as above stated, and are therefore entitled to prosecute this claim pursuant to the authorities herein cited.

### VI. SLANDER OF TITLE

Defendants cite Civil Code Section 47(c) to attempt to shield themselves from this Cause of Action. This privilege extends to persons in Civil Code Sec. 47(c) "only if the communication is without malice."

In the instant matter, Plaintiffs allege that Defendants communicated with reporting agencies that Plaintiffs' were in default of their mortgage payments, knowingly, and intentionally ignoring Plaintiffs' preferred evidence of payment. This conduct by Defendants is malicious on its face! There is no privilege, and therefore, this cause of action should be

sustained. Again, Defendants are demanding that Plaintiffs "prove" their allegations at the pleading stage, which is <u>not</u> the standard that apples in a 12(B)6 Motion to Dismiss!

### VII. <u>CONCLUSION</u>

The holding in *Sanai v. Saltz* supra. Speaks volumes: "We acknowledge some federal district courts—in cases decided before *Medtronic, supra,* 552 U.S. [<u>128 S.Ct. 999</u>]—have held the FCRA preempts only claims against credit information furnishers brought under state statutes, not common law, based on language in 15 U.S.C. Sec. 1681h(e), which limits consumer actions for defamation, invasion of privacy or negligence against consumer reporting agencies relating to information disclosed pursuant to the FCRA "except as to false information furnished with malice or willful intent to injure such consumer." (See, e.g., *Beuster v. Equifax Information Services* (D. Md. 2006) 435 F.Supp.2d 471, 479; *Gorman v. Wolpoff & Abramson, LLP (N.D.Cal.2006)* <u>435 F.Supp.2d 1004</u>, 1009-2010, revd. on other grounds (9th Cir., Jan. 12, 2009, No. 06-17226) F.3d [2009 U.S. Lexis 585].) Unlike 15 U.S.C. Sec. 1681t, however, which expressly deals with the FCRA's preemption of state law, 15 U.S.C. Sec. 1681h(e) is not a preemption provision at all. Rather, it is a general grant of protection to furnishers of credit information for certain disclosures mandated under the FCRA. Moreover, section 1681h(e) was part of the FCRA when Congress added the specific preemption language found in section 1681t in 1996. Accordingly, even if there were a conflict between the two sections of the FCRA, the subsequently enacted statutory provision would control. (See *Governing Boardv. Mann* (1977) <u>18 Cal.3d 819</u>, 828 [<u>135 Cal.Rptr. 526, 558 P.2d 1</u>]; *Board of Supervisors v. Superior Court* (1989) 207 Cal.App.3d 552, 559-560 [<u>254 Cal.Rptr. 905</u>]; see also *Jaramillo v. Experian Information Solutions, Inc., supra,* 155 F.Supp.2d at p. 361.)"

///

///

Plaintiffs, with due caution, request that if the Court does entertain striking of or dismissal of any causes of action, that Plaintiffs have leave to amend their FAC accordingly.

Date:  March 14, 2013                                        Respectfully Submitted

                          *e/s*

                    _____
                    Robert F. Samuel
                    Attorney for Plaintiffs
                    Robert F. Samuel and Patricia A. Samuel