1  Adam Brezine, California Bar No. 220852
   Julien E. Capers, California Bar No. 275733
2  **BRYAN CAVE LLP**
   560 Mission Street, 25th Floor
3  San Francisco, CA 94105
   Telephone:    (415) 268-2000
4  Facsimile:    (415) 268-1999
   Email:        adam.brezine@bryancave.com
5                julien.capers@bryancave.com

6  Attorneys for Defendants
   CITIMORTGAGE, INC.

7

8

9

10                 **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12  ROBERT F. SAMUEL & PATRICIA A.          CASE NO. 3:12-cv-05871-MEJ
13  SAMUEL
                                            **REPLY IN SUPPORT OF**
14           Plaintiffs,                    **DEFENDANT'S MOTION TO DISMISS**
                                            **PLAINTIFFS' FIRST AMENDED**
15       v.                                 **COMPLAINT PURSUANT TO**
                                            **FEDERAL RULE OF CIVIL**
16  CITIMORTGAGE, INC., a New York          **PROCEDURE 12(B)(6)**
    Corporation DBA Citibank and Citigroup et
17  al.                                     Date:      April 25, 2013
                                            Time:      10:00 a.m.
18           Defendant.                     Location:  Courtroom B

19
                                            Date Action Filed:   November  15, 2012
20                                          Trial Date:  None Set

21                                          Honorable Maria-Elena James
22

23

24

25

26

27

28

83561.1

**I.      INTRODUCTION**

Plaintiffs' Opposition to Citi's Motion to Dismiss confuses and therefore fails to address Citi's arguments.  As a result, the basis for Citi's motion remains largely uncontested.  The First Amended Complaint ("FAC") should be dismissed, with prejudice.

Plaintiffs seek to plead six state law causes of action arising out of an alleged failure by Citi to adequately provide information to credit bureaus.  Five of these causes of action are preempted by the Fair Credit Reporting Act ("FCRA").  The one additional claim in the FAC (for violation of California's Civil Code § 1785.25) is improper because the present allegations do not support a private right of action.  Plaintiffs confuse these arguments, and in their Opposition suggest that Plaintiffs have a private right of action under the FCRA and that their claim for violation of Civil Code § 1785.25 is not preempted.  These arguments are entirely irrelevant – Plaintiffs have not attempted to pursue a private right of action under the FCRA.  Rather, they have attempted to assert state law causes of action that the FCRA preempts, and one state law cause of action that does not allow for an individual claim.

Furthermore, even if the various state law tort claims were not preempted, Plaintiffs' Opposition does not address the deficiencies raised in Citi's motion.  The FAC fails on its face as a matter of law and this Court should therefore grant Citi's Motion to Dismiss.  Further, because Plaintiffs have already filed an amended pleading once, this motion should be granted without leave to amend.

**II.      ARGUMENT**

**A.      The FCRA Preempts Five of Plaintiffs' State Law Causes of Action**

Plaintiffs' Opposition argues that Citi mistakenly believes that the FCRA "exempts" their state law causes of action.  (Opp. 3:25-27).   To further highlight Citi's "mistake" and argue why they are entitled to make their state court claims, Plaintiffs assert that the statute provides them with a private right to action.  (Opp. 4:01-24).

However, Citi never suggested that Plaintiffs do not have a private right of action under the FCRA.[1]  Plaintiffs have not asserted a cause of action under the FCRA, so the issue is beside the

---

[1] Citi does argue that Plaintiffs lack a private right of action for their cause of action for violation of California Civil

83561.1

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94110S

1    point.  Rather, Citi argues that the FCRA preempts five of Plaintiffs' six state law claims.  (Motion

2    to Dismiss ("MTD") 2:28-4:07).  Plaintiffs' attempts to make a fairly straight forward issue

3    complicated should not be rewarded.  The bottom line is that Plaintiffs have not attempted to state

4    a claim for a violation of the FCRA and have failed to provide any legal basis to explain why that

5    act does not preempt their first five causes of action.  Accordingly, the Court should dismiss

6    Plaintiffs' first five causes of action without leave to amend.

7       **B.**      **Plaintiffs Fail to Demonstrate That They Have a Private Right of Action**

8                **Pursuant to California Civil Code § 1785.25**

9          Plaintiffs argue that the FCRA does not preempt their claim pursuant to California Civil

10   Code § 1785.25.  (Opp. 5:04-6:16).  As Plaintiffs point out, the FCRA specifically creates an

11   exception for Civil Code § 1785.25.  (*See* Opp. 6:11-15).  Citi does not dispute this, nor did it

12   make a contrary argument in the Motion to Dismiss.

13         Citi argues that Plaintiffs do not have a private right of action pursuant to Civil Code §

14   1785.25 because this statute provides no private right of action against furnishers of credit

15   information.  (*See* MTD 4:10-22); *see also Pulver v. Avco Financial Servs.,* 182 Cal. App. 3d 622,

16   633 (1986).  The Act gives consumers a cause for damages against a reporting agency or a user of

17   information for the negligent or willful violations of the statute's provisions.  *See* 4 Witkin,

18   Summary 10th (2005) Sales, § 303.   Plaintiffs allege only that Citi furnished the credit

19   information to four reporting agencies.  (FAC ¶¶ 9, 16, 19, 25, 29, 38, 45-46).

20         The cause of action as pleaded in Plaintiffs' FAC fails as a matter of law because Citi is

21   only alleged to be a furnisher of credit information, and Civil Code sec. 1785.25 does not allow

22   for a claim against such an entity.  Plaintiffs' Opposition has done nothing to explain or overcome

23   the FAC's deficiencies.  This cause of action fails as well.

24      **C.**      **Plaintiffs' Attempt to Salvage the Cause of Action for Violation of California**

25                **Business and Professions Code § 17200 Is Unavailing**

26         Plaintiffs lead their opposition with an attempt to explain why their cause of action for

27   —————————————————

28   Code § 1785.25. (MTD 4:08-22).

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 941105

1   violation of Business and Professions Code § 17200 ("UCL") is viable.  This attempt ultimately

2   fails.  First, as described above, Plaintiffs have not and cannot avoid the argument that the cause of

3   action is preempted by the FCRA.  Further, Plaintiffs seek to overcome their lack of standing by

4   making additional conclusory allegations about the alleged harm they have suffered.  (*See* Opp.

5   2:25-3:04).  These allegations about expending "considerable amounts of money (about $90,000)

6   to restore their credit worthiness" are, as explained in the Motion to Dismiss, insufficient to state a

7   claim under the UCL.  (*See* MTD 5:08-6:11).  Furthermore, Plaintiffs do not and cannot refute

8   Citi's argument that paying money that they owe to other creditors does not count as "lost money"

9   – this is now money the Plaintiffs no longer owe.  (MTD 6:02-11).

10        Moreover, Plaintiffs do not address Citi's arguments that Plaintiffs failed to establish a

11   predicate wrong or that the FAC is not pleaded with the requisite particularity. (*See* MTD 6:14-

12   28).  This cause of action is deficient and the Court should dismiss it without leave to amend.

13        **D.**    **Plaintiffs' Cause of Action for Slander of Title Lacks Plausible Allegations of**

14              **Actual Malice**

15        With respect to the "slander of title" claim, Plaintiffs again attempt to explain away the

16   defects in their cause of action by making additional conclusory allegations.  Plaintiffs argue that

17   Citi's conduct is "malicious on its face" but do not point to any allegations in their FAC to support

18   this conclusion.  (*See* Opp. 6:25-26).  In fact, there is nothing about the allegations in the FAC that

19   would plausibly support a finding of malice.  But based only on this bald assertion, Plaintiffs

20   further conclude that they have overcome the presumption that Citi's communications were

21   privileged and that they have met the pleading requirements for the cause of action.

22        However, to overcome the presumption that the communications were privileged,

23   Plaintiffs must plead malice.  *See Smith v. Commonwealth Land Titile Ins. Co.*, 177 Cal. App. 3d

24   625, 630 (1986).  In these situations, malice is defined as "a state of mind arising from hatred or ill

25   will, evidencing a willingness to vex, annoy or injure another person." *Brown v. Kelly*

26   *Broadcasting Co.*, 48 Cal. 3d 711, 723 (1989).  Plaintiffs' mere conclusions that Citi's acts were

27   "malicious" do not meet the necessary standard for pleading this cause of action.  There is nothing

28   about the alleged relationship between Citi and the Plaintiffs that would suggest, let alone support,

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94110S

3

BRYAN CAVE LLP
560 MISSION STREET, 25ᵀᴴ FLOOR
SAN FRANCISCO, CA 94110 5

1   the conclusion that Citi acted with any degree of "malice" toward the Plaintiffs at any time.  "To

2   survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

3   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

4   (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007); *see also Johnson v.*

5   *Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008).  Plaintiffs have not

6   alleged facts to plausibly demonstrate that Citi had the malice required to state any of the cause of

7   action Plaintiffs allege.  Without that showing, the underlying theory supporting the entirety of

8   Plaintiffs' FAC is inadequately pleaded.  Accordingly, the Court should dismiss Plaintiffs' FAC

9   without leave to amend.

10  **E.      Plaintiffs' Opposition Does Not Address The Defects In The Second, Third, or**

11  **Fourth Causes of Action**

12  Plaintiffs fail to discuss Citi's arguments about the defects in the second, third, and fourth

13  causes of action for intentional misrepresentation, negligent misrepresentation, and constructive

14  fraud, respectively.  Therefore, Citi suggests that this Court should find that Plaintiffs do not

15  dispute Citi's assertions about their failure to properly allege those causes of action and that they

16  should be dismissed without leave to amend.

17  **III.     CONCLUSION**

18  For the reasons discussed here and the Motion to Dismiss, Citi respectfully requests that

19  the Court dismiss Plaintiffs' FAC in its entirety without leave to amend.

20  Dated:  March 21, 2013                    **BRYAN CAVE LLP**
                                              Adam Brezine
21                                            Julien E. Capers

22                                            By:    */s/ Adam Brezine*
23                                                       Adam Brezine
                                              Attorneys for Defendant
24                                            CITIMORTGAGE, INC.

25

26

27

28