UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| ROBERT F. SAMUEL & PATRICIA A. SAMUEL,<br><br>                      Plaintiffs,<br>       v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>                      Defendants.<br>_____/ | No. C 12-5871 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**Re: Docket No. 21** |

## INTRODUCTION

This case centers around Plaintiffs Robert and Patricia Samuel's ("Plaintiffs") allegations that CitiMortgage, Inc. ("Defendant") knowingly and maliciously reported inaccurate payment information to four credit bureaus. Plaintiffs allege six state law causes of action. Now pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), filed February 28, 2013. Dkt. No. 21. The Court finds this motion suitable for disposition without oral argument and VACATES the April 25, 2013 hearing. Civ. L.R. 7-1(b). Having considered the parties' papers and relevant legal authority, the Court GRANTS Defendant's motion for the reasons set forth below.

## BACKGROUND

The following factual allegations are taken from Plaintiffs' First Amended Complaint ("FAC"). Dkt. No. 11. Plaintiffs have a loan under loan number 2004475844 with Defendant, which provides for payments to Defendant for servicing of the mortgage on the real property located

at 8652 Timber Court, Orangevale, California 95662. FAC ¶ 2. On August 4, 2011, Plaintiffs sent Defendant a mortgage payment in the sum of $2,419.95, with the memo line indicating the loan number to be credited for said payment. *Id.* ¶ 4. Defendant cashed the check on August 9, 2011, but failed to credit Plaintiffs' account with the payment. *Id.* ¶ 5.

On or about August 19, 2011, Defendant advised Plaintiffs by letter that their mortgage payment for August 2011 was overdue. *Id.* ¶ 6. Plaintiffs advised Defendant that it had cashed their check, but Defendant had failed to credit Plaintiffs' account with the payment. *Id.* ¶ 7. In the following month, Defendant required Plaintiffs to provide them with a copy of the cancelled check, the statement of accounts from Union Bank, and the original cancelled check. *Id.* ¶ 8. However, Defendant reported to four credit agencies of the delinquency of Plaintiffs' payment and advised Plaintiffs that it would not change the status of this report. *Id.* ¶ 9. Defendant went on to advise Plaintiffs to contact these reporting agencies themselves and attempt to change the status of Defendant's report of delinquency. *Id.* ¶ 10. As a result of the credit agency report, Plaintiffs suffered a 60 point decrease in their credit scores, have been unable to borrow any funds from other financial institutions, cannot take advantage of the Federal Government HARP program, have been denied increases in their credit card limits, and had to invade their retirement accounts in a sum in excess of $58,000.00. *Id.* ¶¶ 11-12.

Plaintiffs filed their initial complaint on November 15, 2012, alleging five state law causes of action. After Defendant filed a motion to dismiss, Plaintiffs filed their FAC alleging: (1) violations of California Business and Professions Code section 17200; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) constructive fraud; (5) slander of title; and (6) violation of the California Consumer Credit Reporting Act, Cal. Civ. Code § 1785.25 ("CCRA"). Dkt. No. 11.

In its Motion, Defendant argues that the first five causes of action are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681s–2(b) ("FCRA"), and Plaintiffs do not and cannot plead anything in the FAC that avoids preemption. Mot. at 1. With respect to Plaintiffs' claim for violation of the CCRA, Defendant argues that no private right of action exists in these circumstances. *Id*. In the alternative, Defendant argues that even if the state law tort claims were

2

1 not preempted, Plaintiffs fail to allege sufficient facts to state a claim upon which relief can be
2 granted and the FAC fails as a matter of law. *Id.*

## LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

3

## DISCUSSION

**A.     Preemption under the FCRA**

The FCRA requires credit reporting agencies to adopt reasonable procedures related to the collection, communication, and use of consumer credit information to ensure fair and accurate credit reporting. 15 U.S.C. § 1681e; *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005). To attain this goal, the FCRA places duties on the persons who furnish credit reporting agencies with information. 15 U.S.C. § 1681s–2; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). "The FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA." *Woods v. Protection One Alarm Monitoring, Inc.*, 2007 WL 2391075, at *7 (E.D. Cal. Aug. 22, 2007). The first preemption provision, found at Section 1681h(e), provides in relevant part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any ... person who furnishes information to a consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer.

By its plain terms, Section 1681h(e) "only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure." *Weseman v. Wells Fargo Home Mortg., Inc.*, 2008 WL 542961, at *2 (D. Or. Feb. 22, 2008).

In 1996, Congress amended the FCRA to add another preemption provision. This provision provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. 1681t(b)(1)(F). As the Ninth Circuit has noted, "[a]ttempting to reconcile the two [preemption] sections has left district courts in disarray." *Gorman*, 584 F.3d at 1166. While Section 1681h(e) appears to permit certain common law tort claims, Section 1681t(b)(1)(F) appears to preempt altogether both statutory and common law claims. Although the Ninth Circuit recognized the disarray created by the two preemption provisions, it has not yet ruled on how the two should be

4

reconciled. However, two other circuit courts have addressed the issue and adopted a total preemption approach, ruling that Section 1681t(b)(1)(F) preempts both state statutory and common law causes of action in their entirety insofar as they are predicated on conduct that arises out of reports furnished to credit agencies. *See Purcell v. Bank of America*, 659 F.3d 622, 624–25 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011). Both courts also found that the preemption provisions were compatible in that "the first-enacted statute preempts some state regulation of reports to credit agencies," and the second-enacted statute simply "preempts more." *Purcell*, 659 F.3d at 625.

Here, there is no dispute that Defendant is a person under the FRCA who furnishes information to credit reporting agencies. Further, Plaintiffs' first five claims for relief are based on state laws relating to activity covered by Section 1681s–2, that is, conduct relating to a furnisher's responsibilities to provide accurate information and conduct reasonable investigations following a dispute. Thus, consistent with the guidance provided by the Ninth Circuit, as well as by the Seventh and Second Circuits, these claims must be deemed preempted. *Subhani v. JPMorgan Chase Bank, Nat. Ass'n*, 2012 WL 1980416, at *5-6 (N.D. Cal. June 1, 2012); *see also Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005); *Fleischmann v. Care Credit*, 2012 WL 6082893, at *5 (C.D. Cal. Dec. 06, 2012); *Trout v. BMW of North America*, 2007 WL 602230, at *2 (D. Nev. Feb.20, 2007) (citing *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1175 (D. Haw. 2003); *Davis v. Maryland Bank N.A.*, 2002 WL 32713429, *2 (N.D. Cal. June 19, 2002)).

In their Opposition, Plaintiffs argue that their claims are not preempted by the FCRA so long as they plead willfulness or malice. Opp. at 4-5, Dkt. No. 24. However, as another judge in this District has noted, any argument that a plaintiff's claims should survive so long as they plead willfulness or malice is unpersuasive where, as here, the allegations rely on the defendant's inaccurate reporting and failure to investigate as the basis for the claims. *Subhani*, 2012 WL 1980416, at *9. Thus, the Court finds that Plaintiffs' claims one through five are preempted by the FCRA and must therefore be DISMISSED.

**B.     California Civil Code Section 1785.25(a)**

In their sixth cause of action, Plaintiffs allege Defendant violated section 1785.25(a) of the CCRA by knowingly furnishing inaccurate information to the national consumer credit reporting agencies. FAC ¶¶ 44-47. Defendant does not argue that Plaintiffs' CCRA claim is preempted; instead, it argues the claim should be dismissed because a private plaintiff cannot bring an action against a furnisher of credit information under the Act. Mot. at 4. Particularly, Defendant asserts that section 1785.31, which allows private plaintiffs to bring an action under the CCRA, does not apply to actions against furnishers of credit information. *Id.* The Court agrees.

Generally, the CCRA allows private plaintiffs to bring an action for damages suffered as a result of violations of the Act. Cal. Civ. Code § 1785.31. However, section 1785.31 only extends to private plaintiffs bringing CCRA claims against credit reporting agencies and users of information. *Pulver v. Avco Fin. Serv.*, 182 Cal.App.3d 622, 633 (1986). Private plaintiffs cannot bring CCRA claims against a furnisher of credit information. *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1125 (S.D. Cal. 2012); *Davis v. Md. Bank*, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002) (citing *Pulver*, 182 Cal. App. 3d at 633). Here, Plaintiffs allege Defendant is a furnisher of information; Plaintiffs makes no allegations that Defendant is a user of information or a credit reporting agency. Thus, section 1785.31 does not authorize Plaintiffs to bring a CCRA claim against Defendant. Accordingly, to the extent Plaintiffs attempts to bring a CCRA claim against Defendant in its capacity as a furnisher of credit information, they cannot do so and the claim is DISMISSED.

///
///
///
///
///
///
///

**CONCLUSION**

For the reasons stated above, Defendant's Motion is GRANTED. Because leave to amend would be futile, Plaintiffs' FAC is DISMISSED WITH PREJUDICE. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 10, 2013

_____
Maria-Elena James
United States Magistrate Judge